UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SHAWN LEGARE,

    Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY
OF AMERICA,

    Defendant.
_____)

## **COMPLAINT**

    The Plaintiff, SHAWN LEGARE ("LEGARE"), by and through his undersigned counsel, hereby sues UNUM LIFE INSURANCE COMPANY OF AMERICA ("UNUM"), and alleges as follows:

## **JURISDICTION, VENUE AND PARTIES**

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court concurrent jurisdiction to determine claims under 29 USC §§ 1001 et seq. LEGARE brings this action to recover long-term disability ("LTD") benefits due to him under the terms of an employee welfare benefit plan, to enforce his rights under the plan and to clarify his rights to benefits under the terms of plan.

2. LEGARE was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. UNUM is a corporation with its principal place of business in the State of Maine, authorized to transact and is transacting business in the Southern District of Florida and

can be found in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, UNUM, is authorized to and is doing business within the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to LEGARE by UNUM.

6. LEGARE was at all times material an employee of Boston Scientific Corporation ("Boston Scientific").

7. LEGARE was at all times material a plan participant under the Boston Scientific Corporation Long-term Disability Plan, Group Policy No. 572747 001 (the "LTD Plan") which is established by Boston Scientific, and pursuant to which LEGARE is entitled to benefits. A true and correct copy of the LTD Plan has been attached hereto as Exhibit "A."

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. UNUM is the insurer of benefits under the LTD Plan and acted in the capacity of a plan administrator.

10. As the decision maker and payor of plan benefits, UNUM administered the claim with a conflict of interest, and the bias this created affected the claims determination. As such, UNUM is not entitled to a deferential standard of review.

11. UNUM is the Fiduciary charged with making benefit determinations under the LTD Plan, including the determinations made on LEGARE's claim at issue.

12. Pursuant to the terms and conditions of the LTD Plan, LEGARE is entitled to LTD benefits for the duration of his disability, for so long as he remains disabled as required

under the terms of the LTD Plan.

13. According to the LTD Plan,

The test of "Disability" is as follows:

**HOW DOES UNUM DEFINE DISABILITY?**

You are disabled when Unum determines that:

- you are **limited** from performing the **material and substantial duties** of your **regular occupation** due to your **sickness** or **injury**; and
- you have a 20% or more loss in your **indexed monthly earnings** due to the same sickness or injury.

After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any **gainful occupation** for which you are reasonably fitted by education, training or experience.

You must be under the regular care of a physician in order to be considered disabled.

The loss of a professional or occupational license or certification does not, in itself, constitute disability. If you are employed as a pilot, loss of your medical certificate due to sickness or injury is evidence of disability until the time reapplication of your medical certificate is medically reasonable.

We may require you to be examined by a physician, other medical practitioner and/or vocational expert of our choice. Unum will pay for this examination. We can require an examination as often as it is reasonable to do so. We may also require you to be interviewed by an authorized Unum Representative.

14. At all relevant times, LEGARE has complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

15. Since on or about April 25, 2012, LEGARE has been disabled under the terms of the LTD Plan.

16. Since on or about April 25, 2012, due to his disability, LEGARE has been limited from performing the material and substantial duties of his regular occupation.

17. At all relevant times, LEGARE has been under the regular care of a physician.

18. At all relevant times, LEGARE was a Covered Person under the LTD Plan.

19. Shortly after becoming disabled under the terms of the LTD Plan, LEGARE made a claim to UNUM for disability benefits and submitted the required proof of loss.

20. In a letter dated December 7, 2012, Unum denied LEGARE's claim, contending that the "[Unum] [has] determined you are able to perform the duties of your occupation as of August 21, 2012.  Since you are not disabled according to the policy as of August 21, 2012 you did not meet the elimination period for Long-term disability benefits."

21. LEGARE timely appealed UNUM'S, December 7, 2012, adverse benefit determination.

22. On or about March 6, 2013, UNUM affirmed its adverse determination..

23. From April 25, 2013, less any applicable elimination period, to the present date, LEGARE has not received benefits owed to him under the LTD Plan, despite LEGARE'S right to these benefits.

24. At all relevant times, UNUM was the payor of benefits.

25. At all relevant times, UNUM was the "Insurance Company" identified throughout the LTD Plan.

26. At all relevant times, UNUM was the Plan Administrator.

27. At all relevant times, LEGARE has been and remains Disabled and entitled to LTD benefits from UNUM under the terms of the LTD Plan.

28. LEGARE has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney fee.

### CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)

29. LEGARE incorporates Paragraphs 1 through 28 as if fully set forth herein.

30. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

31. Pursuant to 29 U.S.C. §1132(a)(1)(B), LEGARE, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

32. LEGARE has no other adequate remedy at law to address the injuries he has suffered and will continue to suffer as a result of UNUM'S failure to pay his disability benefits.

33. LEGARE has exhausted all administrative remedies under the LTD Plan.

34. Defendant breached the LTD Plan and violated ERISA in the following respects:

    (a) Failing to pay LTD benefit payments to LEGARE at a time when UNUM knew, or should have known, that LEGARE was entitled to those benefits under the terms of the LTD Plan, as LEGARE was disabled and unable to work and therefore entitled to benefits.

    (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of LEGARE'S claim for LTD benefits;

    (c) After LEGARE'S claim was terminated in whole or in part, UNUM failed to adequately describe to LEGARE any additional material or information necessary for LEGARE to perfect his claim along with an explanation of why such material is or was necessary.

    (d) UNUM failed to properly and adequately investigate the merits of LEGARE'S disability claim and failed to provide a full and fair review of LEGARE'S claim.

35. LEGARE believes and thereon alleges that UNUM wrongfully terminated his claim for disability benefits under the LTD Plan by other acts or omissions of which LEGARE is presently unaware, but which may be discovered in this future litigation and which LEGARE will immediately make UNUM aware of once said acts or omissions are

discovered by him.

36. Following the termination of benefits under the LTD Plan, LEGARE exhausted all administrative remedies required under ERISA, and LEGARE has performed all duties and obligations on his part to be performed under the LTD Plan.

37. As a proximate result of UNUM's aforementioned wrongful, LEGARE has damages for loss of disability benefits in a total sum to be shown at the time of trial.

38. As a further direct and proximate result of this improper determination regarding LEGARE'S claim for benefits, LEGARE, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), LEGARE is entitled to have such fees and costs paid by UNUM.

39. The wrongful conduct of UNUM has created uncertainty where none should exist, therefore, LEGARE is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the terms of the LTD Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, SHAWN LEGARE prays for relief against UNUM LIFE INSURANCE COMPANY OF AMERICA as follows:

1. Payment of disability benefits due to SHAWN LEGARE from April 25, 2012, less any applicable elimination period, through the date a judgment is entered in this action;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as LEGARE remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL  33020
Phone: (954) 620-8300
Fax: (954) 922-6864

 *s/ Cesar Gavidia*
CESAR GAVIDIA, ESQ.
Florida Bar No.: 015263
Email: cesar@diattorney.com
GREGORY M. DELL, ESQ.
Florida Bar No.: 299560
Email: gdell@diattorney.com